Filed 11/2/23 (unmodified opn. attached)

## CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES MCKENZIE CODDINGTON,<br><br>    Defendant and Appellant. | A166124<br><br>(Del Norte County<br>Super. Ct. No. CRF16-9495) |

BY THE COURT:

It is ordered that the opinion filed on October 17, 2023, be modified to remove the two citations to *People v. Kimble* (2023) 93 Cal.App.5th 582, which has since been ordered not to be published in the official reports, as follows:

In the first full paragraph on page 4, "*People v. Kimble* (2023) 93 Cal.App.5th 582, 588, pet. rev. filed Aug. 23, 2023, S281526" shall be removed, such that citation begins with "*Burgess* at p. 380."

On the fourth line from the bottom of page 6, the following shall be deleted: "; see also *People v. Kimble*, *supra*, 93 Cal.App.5th at p. 588 ["if the statutory conditions are met, Senate Bill No. 483 entitles a defendant with a qualifying enhancement to a full resentencing"]," such that "*Monroe* at pp. 401–402" is the only remaining citation.

There is no change in judgment.

Date: _____      _____

                                                     Humes, P.J.

Filed 10/17/23 (unmodified opinion)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>JAMES MCKENZIE CODDINGTON,<br><br>    Defendant and Appellant. | A166124<br><br>(Del Norte County<br>Super. Ct. No. CRF16-9495) |

The trial court granted appellant James McKenzie Coddington's request to have a sentencing enhancement for a prior prison term struck under legislation passed following his conviction under a plea agreement. Coddington argues for the first time in this appeal that he was entitled to seek further reductions of his prison term under recent legislation affecting other aspects of his conviction. We agree, and we therefore remand to the trial court for a full resentencing.

We also agree with respondent, however, that if the court on remand indicates it is inclined to further reduce Coddington's sentence, the prosecution may withdraw its assent to the plea agreement. (*People v. Stamps* (2020) 9 Cal.5th 685, 704 (*Stamps*).) Although the Legislature clearly intended that the striking of a sentencing enhancement for a prior prison term would not provide a basis for rescinding a plea agreement, this intent cannot be understood to govern other possible sentence reductions merely because they happen to occur during the same resentencing. Thus, if

1

Coddington successfully seeks additional reductions on remand, he will be subject to the resulting consequences to the plea agreement under *Stamps*.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

Coddington has an extensive criminal history. The case establishing the basis of this appeal arose in connection with an incident in October 2016 in which he attacked a fellow inmate at the Del Norte County Jail. As a result of the incident, Coddington was charged by felony information with one count of assault by force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and one count of making a criminal threat (§ 422), both with a special allegation of great bodily injury (§ 12022.7). The information contained three additional allegations: that Coddington previously had been convicted of a serious felony (§ 667, subd. (a), "serious felony allegation"), that he had a prior strike conviction (§ 1170.12, "prior strike allegation"), and that he had served three prior prison terms (former § 667.5, subd. (b), "prison priors").

In May 2017, Coddington pleaded guilty to the count of assault with force likely to cause great bodily injury, and admitted the special allegation of

---

[1] All statutory references are to the Penal Code unless otherwise specified.

2

great bodily injury.[2] He also admitted two enhancements as alleged in the information—the serious felony allegation (§ 667, subd. (a)), and the prior strike allegation (§ 1170.12)—and one of the three prison priors (former § 667.5, subd. (b)). The indicated sentence was 13 years. Had Coddington been convicted on all charges in the original complaint, he faced up to 17 years, four months, calculated as follows: four years on the assault charge (the upper term of four years, § 245, subd. (a)(4)), plus eight months for criminal threats (one-third the midterm of two years, §§ 422, subd. (a), 1170, subd. (h), 1170.1, subd. (a)), doubled because of the strike (§ 1170.12, subd. (c)(1)), plus five years for the prior serious felony (§ 667, subd. (a)), plus three years for the great bodily injury enhancement (§ 12022.7, subd. (a)).

Based on the plea, the trial court sentenced Coddington to 13 years in prison, calculated as follows: the lower term of two years for the assault conviction (§ 245, subd. (a)(4)), doubled because of the prior strike allegation (§ 1170.12, subd. (c)(1)), plus three years for the great bodily injury allegation

---

[2] As part of the plea, three other cases were also resolved. In one, Coddington had faced the possibility of about six years in prison for charges relating to evading a peace officer, unlawfully taking a vehicle, possessing a firearm as a felon, and possessing drugs in jail, assuming he received consecutive sentences of one third the midterm, doubled based on his prior serious felony conviction. (Veh. Code, §§ 2800.2, subd. (a), 10851; §§ 18, subd. (a), 1170, subd. (h), 1170.12, subd. (c)(1), 4573.6, 29800, subd. (a)(1).) Because Coddington entered a plea in the instant case, this separate case was instead dismissed with a "*Harvey* waiver," meaning the trial court could consider the dismissed charges in sentencing. (*People v. Harvey* (1979) 25 Cal.3d 754, 758–759.) In the two other cases, Coddington was accused of felony violation of post-release community supervision (PRCS, § 3455). When the trial court sentenced Coddington in this case, the court found him in violation of PRCS, ordered him to time served, and terminated him from PRCS in those cases.

(§ 12022.7, subd. (a)), plus five years for the serious felony allegation (§ 667, subd. (a)(1)), plus one year for the prison prior.

By motion filed in the trial court in August 2022, Coddington moved to be resentenced to remove his one-year prison-prior enhancement. His motion was based on two laws relating to prison priors that were enacted after his conviction. The first, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), amended section 667.5, subdivision (b), effective January 1, 2020, to eliminate sentence enhancements for prison priors unless the prior term was for a sexually violent offense. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*); see Stats. 2019, ch. 590, § 1.) The second, Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483), was enacted in 2021, and it extended Senate Bill No. 136 to all persons, such as Coddington, currently incarcerated in jail or prison. (*People v. Kimble* (2023) 93 Cal.App.5th 582, 588, pet. rev. filed Aug. 23, 2023, S281526; *Burgess* at p. 380; see Stats. 2021, ch. 728, § 3.) As a result of these enactments, section 1172.75, subdivision (a),[3] renders legally invalid any prison prior imposed before 2020 except where the prison prior was for a sexually violent offense. Other than seeking to remove his one-year prison-prior enhancement, Coddington did not seek any further sentencing relief.

At a brief hearing on the motion, the trial court vacated Coddington's one-year prison-prior sentencing enhancement. This reduced Coddington's sentence from 13 years to 12 years, which was the entire relief Coddington had requested. Proceeding without an attorney, Coddington filed a notice of appeal.

---

[3] The statute was previously numbered section 1171.1. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12; *Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

## II.
## DISCUSSION

Coddington argues that the trial court failed to provide him with a full resentencing hearing, meaning a hearing in which he could have sought further sentencing relief under at least two other statutes that were enacted after his conviction. We agree he may seek further sentencing relief on remand.

Coddington acknowledges that his trial counsel sought to remove only his one-year prison-prior enhancement.[4] He nevertheless contends that he did not forfeit the ability to seek further sentencing relief and, alternatively, that he received ineffective assistance of counsel if we conclude otherwise. We do not reach the ineffective-assistance claim, because we decline to find forfeiture under the circumstances. (See *People v. Monroe* (2022)

---

[4] The Attorney General initially questioned whether the trial court had the authority to provide this relief, since section 1172.75 describes a process where the Secretary of the Department of Corrections and Rehabilitation (CDCR) identifies eligible defendants, as opposed to defendants initiating the resentencing process. (See *Burgess, supra,* 86 Cal.App.5th at p. 384 [§ 1172.75 does not contemplate individual defendants seeking relief by motion and instead provides specific procedure whereby trial court's review is triggered by receipt of information from the CDCR or county correctional administrator].) The Attorney General later wrote to the court withdrawing this argument. The letter stated that respondent learned that the CDCR has identified some eligible defendants in "at least one lengthy list of names, rather than in individual letters to the superior court," and that resentencing in some cases was initiated based on that list. The Attorney General does not specifically state that is what happened here. But we note that at the hearing on Coddington's motion, in response to the trial court's question about why Coddington was not personally appearing, his trial attorney stated that "a lot of these things are being handled just by the prison notifying the inmates that they are available, and they normally send these things in in pro per. He's asked me to appear for him." This suggests at least some CDCR involvement in the process.

5

85 Cal.App.5th 393, 400 (*Monroe*) [appellate court has authority to consider issue not preserved for review].)

Turning to the merits, when a sentence is subject to recall, "the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Coddington relies on this general "full sentencing rule," along with the language of the statute making retroactive the elimination of prison priors. The statute provides that when resentencing occurs, the trial court shall apply "any other changes in law that reduce sentences" when striking a prison prior (§ 1172.75, subd. (d)(2)). Thus in *Monroe*, *supra*, 85 Cal.App.5th 393, as here, the trial court struck a one-year prison prior under Senate Bill No. 483. (*Monroe* at p. 398.) On appeal, the defendant argued that the trial court also should have exercised its discretion to strike a firearm enhancement that is not at issue here. (*Id.* at pp. 398–399.) And he argued, as Coddington argues here, that on remand he was entitled to have the trial court consider striking his five-year serious felony conviction under Senate Bill No. 1393. (*Monroe* at pp. 398–399.) Division Two of this court agreed that the defendant was entitled to have the trial court exercise its discretion to dismiss both the firearm enhancement and the five-year enhancement under Senate Bill No. 1393. (*Monroe* at p. 399.) *Monroe* held that the legislation, while not independently available to final judgments, was available during a resentencing under section 1172.75 since the statute requires (subd. (d)(2)) the trial court to apply " 'any other changes in law that reduce sentences.' " (*Monroe* at pp. 401–402; see also *People v. Kimble*, *supra*, 93 Cal.App.5th at p. 588 ["if the statutory conditions are met, Senate Bill No. 483 entitles a defendant with a qualifying enhancement to a full resentencing"].)

6

Coddington points to two other legislative amendments that could potentially reduce his sentence. The first one, Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393), amended sections 667, subdivision (a) and 1385, subdivision (b), effective January 1, 2019, to give courts discretion to dismiss or strike a prior serious felony allegation. (*Stamps*, *supra*, 9 Cal.5th at p. 699; *People v. Garcia* (2018) 28 Cal.App.5th 961, 965; see Stats. 2018, ch. 1013, §§ 1, 2.) Under this amendment, the trial court has the discretion to strike Coddington's serious felony allegation, reducing his sentence by five years. The second one, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81), effective January 1, 2022, amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; see Stats. 2021, ch. 721, § 1.) Under this amendment, the trial court has new guidance in deciding whether to strike his enhancements.

Although Coddington may seek further sentencing relief on remand, he will not necessarily be entitled to retain the other benefits of his plea agreement if he is successful. As respondent notes, the defendant in *Monroe* was sentenced after a jury trial and thus not under a plea agreement as was Coddington. (*Monroe*, *supra*, 85 Cal.App.5th at p. 396.) "[L]ong-standing law limits the court's unilateral authority to strike an enhancement yet maintain other provisions of the plea bargain." (*Stamps*, *supra*, 9 Cal.5th at p. 701.) In *Stamps*, the defendant was sentenced under a plea agreement to nine years in prison after facing charges that would have made him subject to the 25-year-to-life provisions of the Three Strikes Law (§ 1170.12, subd. (c)(2)). (*Stamps* at p. 693.) The Supreme Court agreed that Senate Bill No. 1393 granting trial courts discretion to strike a serious-felony enhancement

7

applied to the defendant. (*Stamps* at p. 699.) But the court explained that the defendant was not entitled to have the trial court on remand consider striking the enhancement "while otherwise maintaining the plea agreement intact." (*Id.* at p. 700.)

*Stamps* was persuaded by the approach announced in *People v. Ellis* (2019) 43 Cal.App.5th 925: " 'Senate Bill No. 1393 does not entitle defendants who negotiated stipulated sentences "to whittle down the sentence 'but otherwise leave the plea bargain intact[.]' " ' . . . . 'Senate Bill No. 1393 compels the conclusion that defendant is entitled to *seek* the benefit of change in the law.' (*Ellis*, at pp. 943–944.) . . . . [O]n remand, 'the trial court may simply decline to exercise its discretion to strike the enhancement and that will end the matter.' (*Id.* at p. 944.) 'In other cases, the trial court might conclude, upon the defendant's request, that it is in the interest of justice to strike the enhancement. In such cases, it bears repeating that "in the context of a negotiated plea the trial court may approve or reject the parties' agreement, but the court may not attempt to secure such a plea by stepping into the role of the prosecutor, nor may the court effectively withdraw its approval by later modifying the terms of the agreement it had approved." . . . " ' "Such withdrawal is permitted, for example, in those instances where the court becomes more fully informed about the case [citation], or where, after further consideration, the court concludes that the bargain is not in the best interests of society." ' [Citation.] However, once a court withdraws its approval of a plea bargain, the court cannot 'proceed to apply and enforce certain parts of the plea bargain, while ignoring' others. [Citation.] Instead, the court must retore the parties to the status quo ante." [Citations.] Thus, while there may be cases in which the trial court will elect to strike the serious felony conviction enhancement, it is not without

consequence to the plea bargain.' " (*Stamps, supra,* 9 Cal.5th at pp. 706–707.)

Simply stated, *Stamps* held that the defendant should be given the opportunity if he desired to seek the court's exercise of discretion on remand. (*Stamps, supra,* 9 Cal.5th at p. 707.)  But if the court indicated it was inclined to exercise its discretion to reduce the defendant's sentence, the prosecutor could either agree to modify the bargain or withdraw its assent to the plea agreement and restore the case to the status quo ante.  (*Ibid.*)  The trial court, too, was entitled to withdraw its previous approval of the plea agreement.  (*Ibid.*)

Coddington did not risk losing the benefits of his plea agreement by seeking the elimination of his prison prior.  (*Stamps, supra,* 9 Cal.5th at p. 707.)  This is because when the Legislature made Senate Bill No. 483 retroactive, it specifically declared in an uncodified section that it was "the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement."  (Stats. 2021, ch. 728, § 1; see also *Stamps, supra,* 9 Cal.5th at pp. 702–704 [entering a plea agreement does not insulate the parties from a law the legislature expressly intends to apply to them].)  The trial court here followed Senate Bill No. 483's clear directive in striking the prison prior but otherwise leaving intact the plea agreement.

This same principle will not apply if Coddington seeks further sentencing relief on remand.  In arguing to the contrary, Coddington points to Senate Bill No. 483's statement of legislative intent and says that it applies not just to the elimination of prison priors, but also to the portion of the statute that directs the trial court to apply any changes in law that reduce sentences or provides judicial discretion to do so.  (§ 1172.75, subd. (d)(2).)

9

Resentencing pursuant to the section "shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1); see *Monroe, supra,* 85 Cal.App.5th at p. 399.) Coddington essentially argues that these provisions overrule *Stamps* for all other sentence reductions that are granted in connection with a request to eliminate prison priors. We are not persuaded.

To begin with, the uncodified statement in Senate Bill No. 483 that the law shall apply to "any changes to a sentence as a result of the act" cannot be read to expand the scope of the legislation beyond which it was intended. Statements of intent, contained in the uncodified section of statutes, " 'do not confer power, determine rights, or enlarge the scope of a measure.' " (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 925.) The legislative history and purpose of Senate Bill No. 483 was to eliminate prison priors. Nothing in that history suggests that the Legislature—in eliminating prison priors, including those that were entered under a plea deal—wanted to overrule *Stamps* as to the resentencing of all enhancements of all defendants who accepted a prison prior under a plea deal.

As respondent points out, the codified statement of legislative purpose provides that Senate Bill No. 483 was enacted "so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The statute advances this intent by nullifying prison priors, regardless of whether they were imposed following a plea or a jury trial. We agree with respondent, though, that this intent would be thwarted with an interpretation categorically preventing prosecutors from withdrawing assent to a plea bargain for other changes reducing sentences that were part of a plea bargain. Under such an interpretation, prosecutors would have no *Stamps* remedy when a defendant is being resentenced, even though they

10

would retain such a remedy for defendants being sentenced prospectively. The two enactments Coddington now says apply to him—Senate Bills Nos. 1393 and 81—involve trial court discretion, as opposed to a categorical elimination of sentencing enhancement. Coddington does not argue that these separate bills included a legislative intent to allow unilateral modification of an agreed-upon term. Taken together, Coddington's interpretation would produce, not eliminate, sentencing disparities.

We also agree with respondent that the legislative history does not support Coddington's view that Senate Bill No. 483 was meant to overrule *Stamps* for all sentence reductions that are granted in connection with a request to eliminate prison priors. As we have said, the Legislature first eliminated most prison priors (Senate Bill No. 136), and later enacted Senate Bill No. 483 to make the change retroactive. The full uncodified section thus states: "The Legislature finds and declares that in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply [an unrelated sentencing change] and Senate Bill No. 136 of the 2019–20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements. It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.) This focus on the retroactivity of Senate Bill No. 136 indicates the Legislature was clearly concerned with eliminating prison priors, the sole subject of Senate Bill No. 136. The Legislative Counsel's Digest for Senate Bill No. 483 states that the legislation would declare prison priors "to be legally invalid" and would state the intent of the Legislature to prohibit the

11

rescission of a plea agreement based on eliminating them.[5] While these statements indicate a clear intent to "overturn long-standing law that a court cannot unilaterally modify an agreed-upon term" (*Stamps, supra,* 9 Cal.5th at p. 701), they were limited to the context of prison priors.

Coddington should be provided an opportunity to argue for a further sentence reduction with the understanding that if the trial court is inclined to exercise its discretion, such a determination may affect the prosecution's ability to withdraw from the plea agreement. (*Stamps, supra,* 9 Cal.5th at pp. 707, 709.)

III.
DISPOSITION

The matter is remanded to the superior court to allow Coddington an opportunity to seek relief under Senate Bills Nos. 81 and 1393, as well as any other legislation that may reduce his sentence.

---

[5] See Stats. 2021, ch. 728 Summary Digest. On the court's own motion, it takes judicial notice of the Legislative Counsel's Digest. (Evid. Code, §§ 455, subd. (a), 459, subd. (c); *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 35.)

                                          _____

                                          Humes, P.J.

WE CONCUR:

_____

Banke, J.

_____

Bowen, J.\*

     \*Judge of the Superior Court of the County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Coddington*  A166124

Trial Court: Superior Court of Del Norte

Trial Judge: Hon. Darren McElfresh

Counsel:

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, Katie L. Stowe, Deputy Attorneys General for Plaintiff and Respondent.

*People v. Coddington*  A166124